UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DANNY A. WING, SR.,

    Plaintiff,

v.

LEWIS COUNTY, et al.,

    Defendants.

CASE NO. 3:19-cv-5033-RJB-DWC

REPORT AND RECOMMENDATION

Noting Date: July 19, 2019

    The District Court has referred this action, filed pursuant to 42 U.S.C. § 1983, to United States Magistrate Judge David W. Christel. Plaintiff Danny A. Wing, Sr., represented by counsel, initiated this civil rights action on January 11, 2019. Dkt. 1. Presently pending before the Court are Defendants' Motion for Summary Judgment ("Motion") (Dkt. 12) and Plaintiff's Motion pursuant to Fed. R. Civ. P. 56(d) ("Rule 56(d) Motion") (Dkt. 21, pp. 1-3).

    The Court concludes Plaintiff has failed to overcome Defendants' summary judgment showing that there is no genuine issue of material fact regarding the claims alleged in the Complaint. Therefore, the Court recommends Defendants' Motion (Dkt. 12) be granted as to all Plaintiff's federal claims and that the Court decline supplemental jurisdiction over Plaintiff's

state law claim under the Washington privacy act. The Court further recommends Plaintiff's Rule 56(d) Motion be denied.

**I.      Background**

This is Plaintiff's second civil rights case regarding the recording of telephone conversations at the Lewis County, Washington Jail ("Jail"). Plaintiff filed his first civil rights case on January 5, 2018. *Wing v. County of Lewis, et. al*, No. 18-5011 RJB-DWC, Dkt. 1. Plaintiff alleged that Defendants violated his First, Sixth, and Fourteenth Amendment rights when they recorded and listened to telephone conversations between Plaintiff and his criminal defense attorneys while Plaintiff was held at the Jail as a pre-trial detainee. *Id*. at 4-8. Plaintiff also made a claim under Washington's privacy act. *Id*. at 8.

The Court dismissed Plaintiff's First Amendment claim, finding that Plaintiff was able to place numerous calls out of the jail during the relevant time and that Defendants did not restrict his ability to call out of the Jail. *Wing v. County. of Lewis, et al.*, Case No. 18-5011 RJB-DWC, 2018 WL 6040675 at *1 (W.D. Wash. Nov. 19, 2018). The Court dismissed Plaintiff's Sixth Amendment claim without prejudice because success on that claim would necessarily implicate the validity of his conviction and was barred by *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1991). *Id.* The Court dismissed Plaintiff's substantive Fourteenth Amendment claim, finding that Plaintiff, a pre-trial detainee, did not establish that the monitoring and recording of his telephone conversations amounted to "punishment," and thus failed to establish a violation of Plaintiff's substantive due process rights under *Valdez v. Rosenbaum*, 302 F.3d 1039, 1045 (9th Cir. 2002). The Court did not address whether Plaintiff would still have a procedural due process claim under the Fourteenth Amendment, instead dismissing Plaintiff's Fourteenth Amendment claim as duplicative of his Sixth Amendment claim. *Id.* at 3. The Court declined to exercise

supplemental jurisdiction over Plaintiff's state law claims under the Washington privacy act, citing considerations of judicial economy, fairness, convenience, and comity. *Id.* at 4.

Plaintiff filed this second case on January 11, 2019. Dkt. 1. Plaintiff alleges that Defendants deprived him of his procedural due process rights under the Fourteenth Amendment based upon a violation of a state-created liberty interest. Dkt. 1, p. 6. Plaintiff also claims that Defendants violated his rights under the Washington privacy act. Dkt. 1, p. 7.

Defendants filed their Motion on April 11, 2019, arguing Plaintiff's claims are barred by the doctrines of res judicata and issue preclusion, as well as by the statute of limitations. Defendants further argue the individually named Defendants are entitled to qualified immunity, and that Plaintiff has failed to establish a privacy act claim and has not exhausted available administrative remedies. Dkt. 12, pp. 3-15. Plaintiff filed a Response on April 29, 2019, arguing the doctrine of res judicata does not apply because the telephone calls at issue here are "entirely distinct" from the calls at issue in his first case because here the recipients of the calls were Plaintiff's family members, friends, and civil attorneys, whereas in his first case the calls at issue were to his criminal defense attorneys. Dkt. 19, p. 12. Plaintiff further contends that in the first case the Court found his claims concerning calls to his criminal defense attorney were barred by *Heck v. Humphrey*, 512 U.S. 477 (1991), which is not at issue in this case. Dkt. 19, pp. 12-13. Finally, Plaintiff contends that this case involves the infringement of different rights, since in the first case the Court opted to analyze part of his claim under the Sixth Amendment, and the Fourteenth Amendment right to procedural due process "was not, it was held, implicated." Dkt. 19, p. 13. In his Response, Plaintiff also filed a Rule 56(d) Motion alleging that he could not present facts essential to opposing Defendants' Motion without additional discovery. Dkt. 21, pp. 1-3. Defendants filed a Reply on May 3, 2019. Dkt. 23, p. 3.

On June 26, 2019, the undersigned heard oral argument from John Justice, on behalf of Defendants, and Christopher Taylor, on behalf of Plaintiff, on June 26, 2019. At the conclusion of oral argument, the undersigned allowed Plaintiff to submit supplemental briefing regarding his statute of limitations tolling argument and allowed Defendant to file a response if Plaintiff filed supplemental briefing. Plaintiff did not file a supplemental brief.

**I.      Standard of Review**

Summary judgment is proper only if the pleadings, discovery, and disclosure materials on file, and any affidavits, show that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim in the case on which the nonmoving party has the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (nonmoving party must present specific, significant probative evidence, not simply "some metaphysical doubt"); *see also* Fed. R. Civ. P. 56(e). Conversely, a genuine dispute over a material fact exists if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or jury to resolve the differing versions of the truth. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 253 (1986); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

**II.     Discussion**

Plaintiff argues Defendants deprived him of his procedural due process rights under the Fourteenth Amendment based upon a state-created liberty interest when Defendants recorded

and listened to several telephone conversations he had with family members, friends, and civil attorneys while he was housed in the Jail. Dkt. 1, pp. 4-7. Defendants assert there is no genuine issue of material fact remaining in this case and that summary judgment is appropriate. Dkt. 12, p. 1.

A. Res Judicata

Defendants argue that Plaintiff's claims are barred by the doctrine of res judicata. Dkt. 12, pp. 3-7. The doctrine of res judicata "bars litigation in a subsequent action of any claims that were raised or could have been raised in [a] prior action." *Owens v. Kaiser Found Health Plan, Inc.*, 244 F.3d 708, 713 (9th Cir. 2001). There are three elements that a defendant must prove for a valid res judicata defense: 1) that the claims are in identity with each other, 2) that the parties are either identical or in privity to the parties in a previous claim, and 3) that the previous claim was adjudicated on the merits. *Id.* Plaintiff's response only addresses the first element. Dkt. 19, pp. 11-13.

Plaintiff argues that the doctrine of res judicata does not apply because the telephone calls at issue here are "entirely distinct" as they involve Plaintiff's family members, friends, and civil attorneys, whereas in his first case the calls at issue involved his criminal defense attorneys. Dkt. 19, p. 12. Plaintiff contends that the action concerning both sets of telephone calls could not have been conveniently tried together since his Sixth Amendment claim concerning the attorney-client telephone calls was barred by *Heck v. Humphrey*, 512 U.S. 477 (1991). Dkt. 19, p. 13.

Claim identity occurs when two suits arise from "the same transactional nucleus of facts." *Owens*, 244 F.3d at 714 (citing *Frank v. United Airlines, Inc.*, 216 F.3d 845, 851 (9th Cir. 2000)). "Newly articulated claims based on the same nucleus of facts may still be subject to a res

1  judicata finding if the claims could have been brought in the earlier action." *Tahoe–Sierra*

2  *Preservation Council v. Tahoe Regional Planning Agency*, 322 F.3d 1064, 1078 (9th Cir. 2003).

3        Here, the claims in the two cases arise from the same nucleus of facts. In his first case,

4  Plaintiff alleged that Defendants acted under color of law to deprive him of his Fourteenth

5  Amendment due process rights based upon a state-created liberty interest when Defendants

6  recorded and listened to several telephone conversations between him and his criminal defense

7  attorney while in pre-trial detention in Lewis County jail. Dkt. 13, ex. 1, p. 10. Here, Plaintiff

8  argues Defendants deprived him of his procedural due process rights under the Fourteenth

9  Amendment based upon a state-created liberty interest when Defendants recorded and listened to

10 several telephone conversations he had with family members, friends, and civil attorneys while

11 he was housed in the Jail. Dkt. 1, p. 6. In his first case, Plaintiff alleged that the calls in question

12 were made from November 8, 2014 through July 21, 2017. Dkt. 13, ex. 1, p. 9. Here, Plaintiff

13 alleges that the calls at issue were made from November 7, 2014 through July 21, 2017. Dkt. 1,

14 p. 5. As the claims in both the first and second lawsuit relate to telephone calls being monitored

15 and recorded during the same time period at the Jail, all Plaintiff's claims arise from the same set

16 of facts and raise similar constitutional arguments. Therefore, all the claims could have been

17 adjudicated together.

18       Plaintiff notes that in the first case the Court dismissed without prejudice his Sixth

19 Amendment claims concerning calls to his criminal defense attorney as barred by *Heck v.*

20 *Humphrey*, 512 U.S. 477 (1991). Dkt. 19, pp. 12-13. Plaintiff contends that, because, in the first

21 case, the Court analyzed his claims under the Sixth Amendment, found the Fourteenth

22 Amendment was not implicated, and dismissed the Fourteenth Amendment claims as duplicative

23 of the Sixth Amendment claims, this case involves the infringement of different rights. Dkt. 19,

24

p. 13. A dismissal without prejudice is not an adjudication on the merits and does not have res judicata effect. *See Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 396, 110 S.Ct. 2447, 110 L.Ed.2d 359 (1990); *see also In re Marino*, 181 F.3d 1142, 1144 (9th Cir. 1999). Because the Court addressed, but did not resolve on the merits, the question of whether Defendants' actions violated Plaintiff's procedural due process rights under the Fourteenth Amendment in the first case, the Court's decision was not a final decision on the merits. Therefore, Defendants fail to show the third prong of the res judicata standard has been met. Accordingly, Plaintiff's claims in this case are not barred by res judicata.

    B. <u>Issue Preclusion</u>

Defendants further argue that Plaintiff's claims are barred by the doctrine of issue preclusion. Dkt. 12., pp. 7-8. Plaintiff has not addressed whether his claims are barred by this doctrine. *See* Dkt. 19. Issue preclusion, or collateral estoppel, prevents parties from re-litigating an issue already litigated and determined in a previous proceeding between the same parties. *Clark v. Bear Stearns & Co., Inc.*, 966 F.2d 1318, 1320 (9th Cir. 1992). To foreclose re-litigation of an issue under the doctrine of issue preclusion: (1) the issue at stake must be identical to the one alleged in the prior litigation; (2) the issue must have been actually litigated in the prior litigation; and (3) the determination of the issue in the prior litigation must have been a critical and necessary part of the judgment in the earlier action. *Id.* at 1321 (citing *Greenblatt v. Drexel Burnham Lambert, Inc.*, 763 F.2d 1352, 1360 (11th Cir.1985). Because the viability of Plaintiff's Fourteenth Amendment procedural due process claim was not actually litigated in the prior case, it is not barred by the doctrine of issue preclusion.

C. <u>Statute of Limitations</u>

    1. *Barred Claims*

Defendants maintain Plaintiff's claims are barred by the three-year statute of limitations. Dkt. 12, pp.14-15. A complaint must be timely filed. The Civil Rights Act, 42 U.S.C. § 1983, contains no statute of limitations. "Thus, the federal courts [] apply the applicable period of limitations under state law for the jurisdiction in which the claim arose." *Rose v. Rinaldi*, 654 F.2d 546, 547 (9th Cir. 1981). In *Rose*, the Ninth Circuit determined the three year limitations period identified in Revised Code of Washington 4.16.080(2) is the applicable statute of limitations for § 1983 cases in Washington. 654 F.2d at 547; *see* R.C.W. § 4.16.080(2).

Plaintiff initiated this action on January 11, 2019. Dkt. 1. Thus, to be timely filed, all claims in the Complaint must arise from incidents occurring on or after January 11, 2016. In the Complaint, Plaintiff alleges his rights were violated when his phone calls were recorded between November 7, 2014 and September 28, 2015, December 11, 2015 and December 18, 2015, and July 7, 2017 and July 21, 2017. Dkt. 1, ¶ 18. Plaintiff's claims regarding calls that were recorded in 2014 and 2015 are barred by the statute of limitations. Unless Plaintiff can show he is entitled to equitable or statutory tolling, claims regarding calls monitored and recorded in 2014 and 2015 must be dismissed. *See Harding v. Galceran*, 889 F.2d 906, 907 (9th Cir. 1989).

    2. *Tolling Provisions*

In Response to the Motion, Plaintiff, first, asserts he is entitled to a sixty-day statutory tolling period because this action is against a local governmental entity and its employees. Dkt. 19, p. 11 (citing R.C.W. § 4.96.020(4)). R.C.W. § 4.96.020, which Plaintiff relies on, is not applicable to § 1983 actions. *Boston v. Kitsap County*, 852 F.3d 1182, 1189 (9th Cir. 2017). Therefore, Plaintiff has not shown he is entitled statutory tolling under R.C.W. § 4.96.020.

1          Second, Plaintiff contends the Motion should be denied because he is unable to present a
2  complete set of facts essential to his opposition of the Motion without discovery. Dkt. 19, p. 11.
3  Plaintiff states that a particular telephone call *may* have been monitored prior to the three-year
4  limitations period, and then *may* have been re-monitored or re-recorded within the applicable
5  limitations period. *Id*. As discussed below, the Court finds Plaintiff has not shown a Rule 56(d)
6  continuance is necessary in this case. *See* Section II.H., *infra*. Further, Plaintiff does not allege in
7  his Complaint that his telephone calls were re-recorded in violation of his due process rights. *See*
8  Dkt. 1. And, if Plaintiff's calls were re-monitored or re-recorded in violation of his due process
9  rights, Plaintiff has not shown why the re-recording of his calls would toll the statute of
10 limitations period. Rather, as conceded by Plaintiff during oral argument, any re-monitored or re-
11 recorded calls would create a new claim. Thus, the time to file a lawsuit regarding any re-
12 recorded calls would begin to run on the date the call was re-monitored or re-recorded.
13 Therefore, Plaintiff has not shown the Motion should be denied and that he should be allowed to
14 conduct additional discovery regarding any newly asserted allegations that his calls were re-
15 monitored or re-recorded.

16         "A plaintiff . . . carries the burden of proof if []he alleges that the statute was tolled and
17 does not bar the claim." *See Pope v. McComas*, 2011 WL 1584213, at *7 (W.D. Wash. Mar. 10,
18 2011), *report and recommendation adopted*, 2011 WL 1584200 (W.D. Wash. Apr. 26, 2011). For
19 the above stated reasons, the Court finds Plaintiff has not carried his burden to show he is
20 entitled to tolling in this case. Therefore, the Court finds the statute of limitations bars
21 consideration of any claim arising prior to January 11, 2016 and recommends the Motion be
22 granted as to these claims.

23

24

1  D. <u>Qualified Immunity</u>

2  Defendants assert the individually named Defendants are entitled to qualified immunity
3  on the remaining claim – a procedural due process violation arising from calls placed by Plaintiff
4  to his family and friends from July 7 through July 21, 2017. Dkt. 12, pp. 8-13. "[G]overnment
5  officials performing discretionary functions [are entitled to] a qualified immunity, shielding them
6  from civil damages liability as long as their actions could reasonably have been thought
7  consistent with the rights they are alleged to have violated." *Anderson v. Creighton*, 483 U.S.
8  635, 638 (1987) (citations omitted). "Qualified immunity balances two important interests—the
9  need to hold public officials accountable when they exercise power irresponsibly and the need to
10 shield officials from harassment, distraction, and liability when they perform their duties
11 reasonably." *Pearson v. Callahan,* 555 U.S. 223, 231 (2009). "In determining whether an officer
12 is entitled to qualified immunity, we consider (1) whether there has been a violation of a
13 constitutional right; and (2) whether that right was clearly established at the time of the officer's
14 alleged misconduct." *Lal v. California*, 746 F.3d 1112, 1116 (9th Cir. 2014) (citing *Pearson*, 555
15 U.S. at 232). If the Court determines that the facts fail to show the defendants violated the
16 plaintiff's constitutional rights, "no further analysis is necessary." *Valdez*, 302 F.3d at 1043.

17  Plaintiff asserts Defendants violated his procedural due process rights under the
18 Fourteenth Amendment when they monitored and recorded his calls to family members, friends,
19 and his civil attorneys. *See* Dkt. 1. Plaintiff asserts he has a state-created liberty interest in being
20 free from having his telephone calls recorded while in the Jail. *Id*.

21  Pursuant to the Due Process Clause of the Fourteenth Amendment, "no state shall
22 'deprive any person of life, liberty, or property without due process of law.'" *Toussaint v.*
23 *McCarthy*, 801 F.3d 1080, 1089 (9th Cir. 1986), *overruled on other grounds by Sandin v*

24

1  *Conner*, 515 U.S. 472 (1995). The due process guarantees of the Fourteenth Amendment thus
2  "apply only when a constitutionally protected liberty or property interest is at stake." *Tellis v.*
3  *Godinez*, 5 F.3d 1314, 1316 (9th Cir. 1993).

4  At all times relevant to the Court's consideration, Plaintiff was a post-conviction
5  prisoner. Plaintiff's evidence shows Plaintiff entered Washington State Department of
6  Corrections ("DOC") custody on September 25, 2015. *See* Dkt. 20, Wing Dec., ¶ 2. As the only
7  viable claims in this case arose after Plaintiff was convicted, *see* Section II.C., *supra*, the Court
8  must apply the standard established in *Sandin v. Conner*, 515 U.S. 472 (1995) to determine if
9  Plaintiff has a state-created liberty interest in being free from having his telephone calls
10 recorded. *See Silva v. King County*, 2008 WL 4534362, at *2 (W.D. Wash. Oct. 7, 2008); *see*
11 *also Valdez*, 302 F.3d at 1044 n.3.

12 In *Sandin*, the Supreme Court "recognize[d] that States may under certain circumstances
13 create liberty interests which are protected by the Due Process Clause. But these interests will be
14 generally limited to freedom from restraint which, while not exceeding the sentence in such an
15 unexpected manner as to give rise to protection by the Due Process Clause of its own force, . . .
16 nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary
17 incidents of prison life." 515 U.S. at 483–84 (internal citations omitted). "*Sandin* consequently
18 refocused the test for determining the existence of a liberty interest away from the wording of
19 prison regulations and toward an examination of the hardship caused by the prison's challenged
20 action relative to 'the basic conditions' of life as a prisoner." *Mitchell v. Dupnik*, 75 F.3d 517,
21 522 (9th Cir. 1996)

22 Here, Plaintiff states the Custodial Care Standards for the Lewis County Jail ("Custodial
23 Care Standards"), enacted in 1988, created a liberty interest in inmates having private telephone
24

1  calls in the Jail. Dkt. 1, 19; *see also* Dkt. 21, p. 48. The evidence shows the Custodial Care

2  Standards state "telephone calls shall not be monitored, tape recorded, or spot-checked except by

3  court order." Dkt. 21, p. 48; *see* Dkt. 1. The Custodial Care Standards also state the "[J]ail shall

4  establish a written statement of prisoner rights . . . which should include . . . communication such

5  as telephone calls." Dkt. 21, p. 32. The Custodial Care Standards were repealed on July 31, 2017.

6  *See* Dkt. 21, p. 55. The evidence also shows there is a Jail policy, which was enacted on June 26,

7  2006, that allows the Jail Administrator or designee to monitor and record inmate telephone

8  conversations. Dkt. 14, Breen Dec., ¶ 3; *see also* Dkt. 14, p. 4.

9       Cases in Washington State have applied the *Sandin* standard to prisoner calls and found

10  "the monitoring and recording of phone calls does not present an atypical and significant

11  deprivation that would create a liberty interest." *Silva*, 2008 WL 4534362 at *2; *United States v.*

12  *Van Poyck*, 77 F.3d 285 (9th Cir. 1996) (no prisoner should reasonably expect privacy in his

13  outbound telephone calls); *Dillard v. Pierce County*, 2010 WL 5822121, at *3 (W.D. Wash.

14  Nov. 4, 2010), *report and recommendation rejected on other grounds by* 2011 WL 643312 (W.D.

15  Wash. Feb. 10, 2011) ("there is no state-created liberty interest in private phone calls").

16  Therefore, Plaintiff does not have a state-created liberty interest in having private phone calls in

17  the Jail. *See Mitchell*, 75 F.3d at 522 (test for determining the existence of a liberty interest has

18  been refocused away from the wording of prison regulations and toward an examination of the

19  hardship caused by the prison's actions); *Van Poyck*, 77 F.3d 285, 291 (9th Cir. 1996) (internal

20  citations omitted) ("Although prisoners do not forfeit all their privacy rights at the jailhouse

21  steps, they do have those rights severely curtailed.").

22       Plaintiff argues the Custodial Care Standards, despite the Jail policy, create a liberty

23  interest in a pre-trial detainee having unmonitored and unrecorded phone calls. *See* Dkt. 19.

24

However, the only calls at issue are calls that were monitored and recorded when Plaintiff was a post-conviction prisoner and Plaintiff provides no legal authority to support how the alleged state-created liberty interest applies to his status as a post-conviction prisoner. As such, Plaintiff has not overcome Defendants' showing that monitoring and recording calls in the Jail does not present an atypical and significant hardship incident to prison life. Therefore, Plaintiff has failed to show there is a genuine issue of material fact regarding whether he has a state-created liberty interest in not having his calls monitored and recorded.

In summation, Plaintiff, a post-conviction prisoner for all relevant times, does not have a liberty interest in having unmonitored and unrecorded phone calls with family members, friends, and his civil attorneys at the Jail, and, thus, there is no constitutional violation in this case. Plaintiff has not overcome Defendants' showing that there is no genuine issue of fact remaining regarding the first prong of the qualified immunity analysis. Therefore, the Court need not determine if the second prong of qualified immunity has been met. Accordingly, the Court recommends the Motion be granted as to Defendants' qualified immunity argument.

E. <u>Municipal Liability</u>

Plaintiff includes Lewis County as a Defendant in this action. Municipalities are subject to suit under § 1983. *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 690 (1978). A municipality may only be liable if its policies are the "'moving force [behind] the constitutional violation.'" *City of Canton v. Harris*, 489 U.S. 378, 389 (1989) (quoting *v. New York City Dept. of Social Services*, 436 U.S. 658, 694 (1978)). In order to state a claim against a county or other municipal entity a plaintiff must show that defendant's employees or agents acted through an official custom, or policy that permits deliberate indifference to, or violates, plaintiff's civil rights; or that the entity ratified the unlawful conduct. *See Monell,* 436 U.S. at

690-91; *Larez v. City of Los Angeles*, 946 F.2d 630, 646-47 (9th Cir. 1991). To establish municipal liability under § 1983, a plaintiff must show (1) deprivation of a constitutional right; (2) that the municipality has a policy; (3) the policy amounts to deliberate indifference to plaintiff's constitutional rights; and (4) the policy is the moving force behind the constitutional violation. *See Oviatt v. Pearce*, 954 F.2d 1470, 1474 (9th Cir. 1992).

The Court has concluded that Plaintiff has not shown a deprivation of his procedural due process rights under the Fourteenth Amendment. Plaintiff has not shown that Lewis County's policy of monitoring and recording inmate telephone calls was the driving force behind a constitutional violation. As such, the Court recommends Defendants' Motion be granted as to the claims alleged against Lewis County.

F. <u>Other Grounds for Summary Judgment</u>

Defendants also argue Plaintiff has failed to exhaust available administrative remedies. Dkt. 12, pp. 14-15. Because the Court has recommended Defendants' Motion be granted on other grounds, the Court declines to consider the remaining argument raised by Defendants.

G. <u>Washington State Privacy Act Claim</u>

Plaintiff also alleges Defendants' conduct violated his rights under RCW 9.73.030(1)(b) and are liable for damages under RCW 9.73.060. Dkt. 1, p. 7. A district court has discretion over whether to exercise supplemental jurisdiction over state law claims arising from the same set of operative facts that supports a federal claim. *See Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639-40 (2009) (citing 28 U.S.C. §§ 1367(a), (c)). Ordinarily, when a district court dismisses "all claims independently qualifying for the exercise of federal jurisdiction," it will dismiss all related state claims, as well. *Artis v. District of Columbia*, 138 S. Ct. 594, 597-98 (2018) (citing 28 U.S.C. § 1367(c)); *see also Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639-40

1  (2009). Although the court is not required to dismiss the supplemental state law claims, "in the
2  usual case in which all federal-law claims are eliminated before trial, the balance of factors to be
3  considered under the pendent jurisdiction doctrine – judicial economy, fairness, convenience,
4  and comity – will point toward declining to exercise jurisdiction over the remaining state-law
5  claims." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988).

6        The Court has recommended granting Defendants' Motion on all of Plaintiff's federal
7  claims. This Court already declined to exercise supplemental jurisdiction over Plaintiff's state
8  law claims when adjudicating his first lawsuit, citing considerations of judicial economy,
9  fairness, convenience, and comity. *Wing v. County. of Lewis, et al.*, Case No. 18-5011 RJB-
10 DWC, 2018 WL 6040675 at *4. Because nothing of substance has changed with his respect to
11 Plaintiff's state law claims since that time, the Court again recommends declining supplemental
12 jurisdiction over these claims under the Washington privacy act and dismissing them without
13 prejudice.

14 **III.  Rule 56(d) Motion (Dkt. 19)**

15       Plaintiff contends that significant discovery has not yet occurred in this case, and states
16 that he cannot present facts essential to opposing Defendants' Motion. Dkt. 19; Dkt. 21, pp. 1-3.
17 A party requesting a continuance, denial, or other order under Fed. R. Civ. P. 56(d), must show:
18 (1) it has set forth in affidavit form the specific facts it hopes to elicit from further discovery; (2)
19 the facts sought exist; and (3) the sought-after facts are essential to oppose summary judgment.
20 *See Family Home & Fin. Ctr., Inc. v. Fed. Home Loan Mortgage Corp.*, 525 F.3d 822, 827 (9th
21 Cir. 2008) (citing *Cal. on behalf of Cal. Dep't of Toxic Substances Control v. Campbell*, 138 F.3d
22 772, 779 (9th Cir. 1998). Failure to comply with these requirements "is a proper ground for
23 denying discovery and proceeding to summary judgment." *Id*. (quoting *Brae Transp., Inc. v.*
24

*Coopers & Lybrand*, 790 F.2d 1439, 1443 (9th Cir. 1986)). Counsel for Plaintiff submitted a declaration stating he cannot present facts related to the following topics:

    a. Identification of each telephone call placed by Mr. Wing from the Lewis County Jail to an individual other than one of his criminal defense attorneys;
    b. Identification of which telephone calls placed by Mr. Wing from the Lewis County Jail to individuals other than his criminal defense attorneys were preceded by a recorded message to Mr. Wing, and the content of those messages;
    c. Identification of which telephone calls placed by Mr. Wing from the Lewis County Jail to individuals other than his criminal defense attorneys were preceded by a recorded message to the telephone call recipient, and the content of those messages;
    d. Identification of each telephone call placed by Mr. Wing to an individual other than one of his criminal defense attorneys that was recorded by any of the Defendants or any third party at any Defendant's request; the date or dates on which that recording was created; whether any court orders, subpoenas, "Request for Phone or Video Recordings" forms, or similar documents exist concerning such a recording;
    e. Identification of each telephone call placed by Mr. Wing to an individual other than one of his criminal defense attorneys that was monitored by any of the Defendants or any third party at any Defendant's request; the date or dates on which that monitoring occurred; whether any court orders, subpoenas, "Request for Phone or Video Recordings" forms, or similar documents exist concerning such a monitoring; and whether the Jail Administrator designated or authorized the individual Defendant to monitor that telephone call;
    f. The methods by which the individual Defendants became aware of applicable laws, policies, and procedures concerning the recording and monitoring of inmate telephone calls; the individual Defendants' understanding of such laws, policies, and procedures; and the individual Defendants' mental state in following or declining to follow such laws, policies, and procedures.
    g. The documentation regarding what steps Mr. Wing took to exhaust his administrative remedies.

Dkt. 21, pp. 2-3. The burden is on the party seeking additional discovery to proffer sufficient facts to show that the evidence sought exists and that it would prevent summary judgment. *Chance v. Pac-Tel Teletrac Inc.*, 242 F.3d 1151, 1161 n.6 (9th Cir. 2001); *Tatum v. City & County of San Francisco*, 441 F.3d 1090, 1100 (9th Cir. 2006). The movant "must make clear what information is sought and how it would preclude summary judgment." *Margolis v. Ryan*, 140 F.3d 850, 853 (9th Cir. 1998).

1       Here, the Court has determined Plaintiff does not have a liberty interest in remaining free
2 from having his telephone calls with family members, friends, and his civil attorneys monitored
3 and recorded while in custody. Plaintiff has not shown, nor does the Court find, additional
4 discovery could preclude summary judgment. Therefore, the Court recommends Plaintiff's Rule
5 56(d) Motion be denied.

6    **IV.   Conclusion**

7       For the above-stated reasons, the undersigned recommends: (1) Defendants' Motion (Dkt.
8 12) be granted as to all Plaintiff's federal claims and those claims be dismissed with prejudice;
9 (2) the Court decline supplemental jurisdiction over Plaintiff's state law claim under the
10 Washington privacy act; and (3) the Court deny Plaintiff's Rule 56(d) Motion (Dkt. 19).
11       Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have
12 fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P.
13 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo*
14 review by the district judge. *See* 28 U.S.C. § 636(b)(1)(C). Accommodating the time limit
15 imposed by Fed. R. Civ. P. 72(b), the clerk is directed to set the matter for consideration on July
16 19, 2019, as noted in the caption.

17       Dated this 3rd day of July, 2019.

_David W. Christel_
United States Magistrate Judge